UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 15-2115 Caption: MFR Company, LC v. Ocwen Loan Servicing, LLC, et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

MFR Company, LC
(name of party/amicus)

who is Appellant, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: Christopher J. Williams Date: 10/05/2015

Counsel for: MFR Company, LC

## CERTIFICATE OF SERVICE

**************************

I certify that on 10/05/2015 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

1. Ocwen Loan Servicing, LLC and
2. Deutsche Bank Nat'l Trust as Trustee for Fremont 2003-1, Asset-Backed Certificates, Series 2003-1
(via first class mail and email)
Counsel: Maryia Yrjeuna Jones
Troutman Sanders LLP (VA Beach)
222 Central Park Ave, Suite 2000
Virginia Beach, VA 23462
maryia.jones@troutmansanders.com

3. Susan Brassfield-Hausenfleck and
4. Michael Hausenfleck
(via first class mail)
2104 Stirrup Lane Alexandria, VA 22308

5. Trustee Services of Virginia, LLC
(via first class mail)
SERVE: Registered Agent, Brock and Scott, PLLC—
484 Viking Drive Ste 203 Virginia Beach, VA 23452

Christopher J. Williams
(signature)

10/05/2015
(date)